```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF SOUTH CAROLINA
                    SPARTANBURG DIVISION

UNITED STATES OF AMERICA,       )
                                ) FINDINGS OF FACT, CONCLUSIONS
              Plaintiff,        )       OF LAW AND ORDER
                                )
       vs.                      )    C/A No. 7:05-511-HFF
                                )
Lillian W. Cole, Ginny K. Polk, )
                                )
              Defendants.       )
```

This action is brought by the United States of America to foreclose two real estate mortgages. Upon consideration of the Complaint of plaintiff, the Affidavit of Default and Amount Due as to Lillian W. Cole and Ginny K. Polk, I make the following Findings of Fact:

The Lis Pendens herein was filed in the Office of the Clerk of Court for Cherokee County, South Carolina on January 31, 2005, in Book 30, at Page 11 and re-filed on June 28, 2005, in Book 31 at Page 2, and defendants were duly served with a copy of the Summons and Complaint as shown by the Affidavits of Publication showing service of the Summons and Complaint on file herein. No answer or other defense has been filed by the defendants and default was entered on March 24, 2006, in the Office of the Clerk of Court, and no proceedings have been taken by the said defendants since entry of default.

On or about July l3, l988, for value received, Lillian W. Cole and Mary Louise Cole made, executed and delivered to the

United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a certain mortgage note in writing whereby they promised to pay the United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the principal sum of $32,430.00 with interest from date at the rate of 9.50 percent per annum on the unpaid balance until paid, payable in installments of principal and interest as therein provided, to wit:

The sum of $269.00 on August l3, l988, and equal and successive installments in the sum of $269.00 thereafter on the l3th of each month until fully paid, except that if not sooner paid, the final installment would be due and payable thirty-three (33) years from the date of the aforesaid promissory note.

On or about July l3, l988, in order to secure the payment of the indebtedness represented by the mortgage note described herein, and in accordance with the terms thereof, the said Lillian W. Cole and Mary Louise Cole executed in favor of the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a mortgage whereby she granted, bargained, sold and released unto the mortgagee, and its assigns, the real estate situated in the County of Cherokee, State of South Carolina, which real estate is described below.

The mortgage was duly recorded in the Office of the Clerk of Court for Cherokee County, South Carolina, on July l3, l988, in

Book 336, Page 333.

On June 16, 2000, the defendant, Lillian W. Cole, for valuable consideration made, executed and delivered unto the United States of America, acting through Rural Development, United States Department of Agriculture, a certain promissory note, in writing and under seal, wherein and whereby she promised to pay to the order of the United States of America through its aforesaid agency, the principal sum of $10,252.00, with interest thereon from such date on the unpaid principal balance at the rate of 1 percent per annum, payable in installments of principal and interest as follows:  The first installment being due and payable on August 13, 2000, in the sum of $47.15, and equal and successive installments in the sum of $47.15, thereafter on the 13th of each month, until the principal and interest are fully paid.

Contemporaneously with the execution of the aforesaid note, on the same date thereof, and in order to secure the payment of same, Lillian W. Cole made, executed and delivered unto the United States of America, acting through Rural Development, United States Department of Agriculture, and its assigns, a real estate mortgage conveying unto the United States of America, by way of mortgage, the following  described real estate situate in the State of South Carolina, County of Cherokee, to-wit:

All that lot of land lying and being situate in the County and State aforesaid, being designated as Lot #5 in Crestmont Subdivision as per plat of L. Marion Wood, RLS, recorded in the office of th Clerk of Court for Cherokee County, S.C. in Deed Book 272, fronting on the southern side of Crestmont Drive, and being more particularly described as follows: BEGINNING at a point in Crestmont Drive corner of Lot #6, running thence S. 65-30 E. 69 feet; thence S. 24-30 W. l78 feet; thence N. 65-30 W. 69 feet; thence N. 24-30 E. l78 feet to the point of beginning.

This is the identical property heretofore with conveyed to the United States of America (Farmers Home Administration) of Jesse E. Stroupe et al., by Deed dated October 26, l987, and recorded in the office of the Clerk of Court for Cherokee County, South Carolina, in Deed Book l20R, at page 553.

This is the identical property heretofore with conveyed to Lillian W. Cole and Mary Louise Cole of the United States of America (Farmers Home Administration) by deed dated July 7, l988, and recorded in the office of the Clerk of Court for Cherokee County, S.C., in Deed Book l2-W, at page l89.

This is also the same property conveyed to Lillian W. Cole by deed of Mary Louise Cole recorded June 22, 2000 in Deed Book 78, at Page 90, Clerk of court for Cherokee County, South Carolina.

The aforesaid mortgage was filed for record in the Office of the Clerk of Court for Cherokee County, South Carolina,

on June 22, 2000, in Real Estate Mortgage Book 704, at Page 217.

In said mortgage the defendant covenanted and agreed to pay promptly all installments of principal and interest as they became due according to the terms of the note aforesaid, together with annual mortgage insurance premiums, premiums on policies of fire and other hazard insurance covering the mortgaged property, plus taxes and special assessments as provided in said mortgage.

The original loan was made to Lillian W. Cole and Mary Louise Cole. By deed recorded June 22, 2000, Mary Louise Cole conveyed her interest in the security property to Lillian W. Cole. Lillian W. Cole is now the sole owner of the property, however, Mary Louise Cole was not released from personal liability.

The aforesaid notes and mortgages are in default and the defendant, Lillian W. Cole, has failed and refused to reinstate the note account to a current status, although due demand has been made upon her to do so. The plaintiff has elected to declare the entire amount due upon said notes and mortgages, together with all amounts due for charges, advances, mortgage insurance, taxes and insurance premiums now due and payable.

The amount due and owing to the plaintiff herein on the notes and mortgages aforesaid is the sum of $49,561.98, as of March 31, 2004, with a daily interest accrual thereafter at the

rate of $7.44, as is shown in the Affidavit of Default and Amount Due on file herein.  This loan is subject to interest loan recapture.

The plaintiff has waived claim to a deficiency judgment in this matter.

The defendant, **GINNY K. POLK**, is made a party to this action by reason of a mortgage from Lillian W. Cole and Mary Louise Cole to Ginny K. Polk in the original amount of $7,800.00, recorded November l2, l996 in Deed vol. 485, at Page 113, Clerk of Court for Cherokee County, South Carolina.  Said mortgage is junior in priority to the mortgage lien of the plaintiff.

CONCLUSIONS OF LAW

I conclude that as a matter of law the plaintiff is entitled to have its mortgages foreclosed and the property therein described sold and the proceeds applied to the payment of the debt owing to the plaintiff.  It is, therefore,

ORDERED:  That defendants, and all persons claiming by, through and under them be, and they are, hereby forever barred and foreclosed of all right, title, interest and equity of redemption in and to the mortgaged premises and to any part thereof, and that the said property described in the real estate mortgages be sold, subject to ad valorem taxes, by the United States Marshal for the District of South Carolina, at public sale at the Cherokee County, South Carolina Courthouse on the earliest

possible date, after publication of notice of sale once a week for four weeks prior to the sale in the **LEDGER**, a newspaper regularly issued and of general circulation in Cherokee County, South Carolina, to the highest bidder for cash, the purchaser of said real estate to pay extra for deed and revenue stamps.

  The Marshal shall require the successful bidder at the sale, other than the plaintiff in this action, to deposit with him immediately thereafter cash or certified checks in the amount of five (5%) of his bid as guaranty of good faith and as security for compliance with his bid.  The plaintiff, having waived a deficiency judgment against the defendant, the bidding will not remain open for the customary period of thirty (30) days following the sale of the property.

  Should any successful bidder fail to comply with his bid within ten (10) days from the date of sale, his deposit shall be forfeited, and immediately without further order, the United States Marshal shall readvertise and resell the mortgaged property on the earliest possible date thereafter, on the same terms and conditions, and at the risk of the defaulting bidder. The plaintiff may become a purchaser at the sale or any resale. Upon compliance by the purchaser with his bid, and with the terms of sale, the United States Marshal shall make, execute and deliver to the purchaser a good and sufficient fee simple deed of conveyance of the premises so sold, and the purchaser shall be

let into the possession of the premises upon production of his deed.  All persons holding adversely to the purchaser shall be ejected by the United States Marshal.

<u>IT IS FURTHER ORDERED:</u>  That from the proceeds of sale, the United States Marshal shall pay the costs and expenses of this action, the amount due the plaintiff as herein found and determined and the surplus, if any, be held pending further order of this Court.

After the sale of the premises, and as soon as the sale by the United Marshal is complete, and has been approved by the Court, the mortgagor(s), or persons(s) in possession, shall within fifteen days of the date of approval by the Court, move from the premises, and give up the premises, without damage or vandalism.  Upon failure of any mortgagor(s) or person(s) in possession to vacate premises within fifteen days of the date of approval by the Court, the United States Marshal is authorized, empowered and directed to enter upon the premises, and forcibly eject the parties therefrom, unless prior to such date, the mortgagor(s) or person(s) in possession have obtained from the Court an Order extending the time which said mortgagor(s) or person(s) shall have to vacate said premises.  The United States Marshal (or his deputies) is also authorized to remove from the premises any furniture or other possessions of the mortgagor(s) or person(s) in possession, and any interference with the

activities of the Marshal will be upon pain of contempt of Court.

**IT IS SO ORDERED.**

<span style="margin-left:50%">s/ Henry F. Floyd<br>UNITED STATES DISTRICT JUDGE</span>

Spartanburg, S. C.

March 27, 2006